UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
Date 5/29/12
Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH,

    Plaintiff,

-v-

Case No. 6:12-cv- 816-ORL-22 DAB

HSBC CARD SERVICES, INC.,

    Defendant.

## VERIFIED COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendant, HSBC CARD SERVICES, INC.; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k), and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, HSBC CARD SERVICES, INC. ("HSBC"), is a Delaware corporation, authorized to do business in Florida.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

8. Plaintiff sent dispute letters to Equifax regarding inaccuracies on his credit report reported by HSBC on October 5, 2007, January 10, 2008, May 10, 2008, and June 27, 2008. The details of Plaintiff's disputes are outlined in those letters.

9. Plaintiff sent dispute letters to Experian regarding inaccuracies on his credit report reported by HSBC on October 5, 2007, January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, and August 12, 2008. The details of Plaintiff's disputes are outlined in those letters.

10. Plaintiff sent dispute letters to Trans Union regarding inaccuracies on his credit report reported by HSBC on October 5, 2007, January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, and August 12, 2008. The details of Plaintiff's disputes are outlined in those letters.

11. HSBC has reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

12. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

13. HSBC did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

14. HSBC has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

15. On October 18, 2006, HSBC obtained Plaintiff's credit report from Experian. HSBC used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

16. On May 24, 2007, HSBC obtained Plaintiff's credit report from Experian. HSBC used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

17. On June 6, 2007, HSBC obtained Plaintiff's credit report from Experian. HSBC used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## BY DEFENDANT HSBC

18. Paragraphs 1 through 17 are realleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of §1681a(c).

20. HSBC is a furnisher of information within the meaning of §1681s-2.

21. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

22. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

23. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

24. HSBC violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) HSBC willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.
   (b) HSBC violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against HSBC for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other

and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFICATION

All the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Dated: May 29, 2012

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 29th day of May, 2012 by U.S. Mail delivery to:

Jason Daniel Joffe
Squire, Sanders & Dempsey L.L.P.
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859