UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:12-cv-00816-ACC-DAB

LARRY RUMBOUGH,

    Plaintiff,

vs.

HSBC CARD SERVICES, INC.,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT [D.E. 1] AND MEMORANDUM OF LAW**

Defendant HSBC Card Services Inc. ("HSBC") files this Motion to Dismiss Plaintiff, Larry Rumbough's ("Rumbough"), Verified Complaint [D.E. 1], pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, and states as follows:

1. Rumbough's Complaint alleges that HSBC has violated certain provisions of the Fair Credit Reporting Act ("FCRA"). In the Complaint [D.E. 1], Rumbough alleges that HSBC "reported false information about Plaintiff to credit reporting agencies…and continued to do so despite Plaintiff's numerous disputes about the account." [D.E. 1, ¶ 11].

2. Based upon these conclusory and bare bones allegations, Rumbough claims that HSBC "violated §1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies." [D.E. 1, ¶ 24(b)]. Rumbough also claims that HSBC "violated §1681b(f) [of the FCRA] by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1691b." [D.E. 1, ¶ 24(a)].

1

3. The Complaint sets forth insufficient "factual allegations" in support of HSBC's alleged violations of the FCRA. Instead, the Complaint simply contains the blanket assertions reiterated above that repeat the statutory language of FCRA. Rumbough goes on to acknowledge that the details of his alleged disputes are outlined in several letters, but he has failed to attach these letters or otherwise incorporate them into his Complaint. [D.E. 1, ¶¶ 8-10].

4. Rumbough provides no further factual support for his claims other than to generally state that certain "inaccuracies" include "the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of the dispute by Plaintiff" and that HSBC "did not provide a notice of such furnishing of negative information, in writing, to Plaintiff" or "conduct a proper investigation of Plaintiff's disputes and…failed to inform credit reporting agencies [of the] dispute." [D.E. 1, ¶ 12-14]. These allegations provide no information with which to identify the subject debt, the purported "negative information," or the specific instances of reporting that Rumbough claims violated the FRCA.

5. As a result, Rumbough has failed to state a claim upon which relief can be granted against HSBC, and the Complaint should be dismissed.

## **MEMORANDUM OF LAW**

Rumbough's factual allegations are insufficient to show that HSBC engaged in conduct in violation of the FCRA. Taken as a whole, the allegations are nothing more than legal conclusions derived from the statutory language of FRCA which fail to provide HSBC with sufficient notice of the alleged wrongful conduct. Based upon *Ascroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. v. Twombly*, 550 U.S. 544 (2007), Rumbough's Complaint

does not meet the Rule 8 pleading requirements, making dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure appropriate.

Rule 12(b)(6) requires the Court to accept all factual allegations in a complaint as true and to be taken in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1335, 1335 (11th Cir. 2003). However, this principle does not apply to legal conclusions, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 129 S. Ct. at 1949. Rumbough's status as a *pro se* plaintiff does not relieve him of these pleading requirements. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, Rumbough's Complaint merely regurgitates the applicable federal statutes [D.E. 1, ¶ 20-24] and recasts them as "factual" allegations. [D.E. 1, ¶¶ 12-14, 20-24]. The "factual" allegations are mere conclusions, nothing more. For example, Rumbough offers no facts directed toward what "false information" HSBC allegedly reported [D.E. 1, ¶ 11] or what "negative information" is at issue. [D.E. 1, ¶ 13]. Moreover, the Complaint fails to allege any specifics regarding Rumbough's alleged disputes directed toward his HSBC accounts. [D.E. 1, ¶ 14].

Finally, Rumbough's allegations directed toward HSBC's alleged improper procurement of his credit report are conclusory on their face. [D.E. 1, ¶¶ 15-17]. The "factual allegations" pertaining to HSBC are nothing more than a paraphrasing of the language of the applicable federal statute. Rumbough's Complaint epitomizes the type of pleading deemed insufficient in *Iqbal*. Accordingly, Rumbough's Complaint should be dismissed under Rule 12(b)(6).

WHEREFORE, HSBC Card Services, Inc. respectfully requests an Order from this Court dismissing Plaintiff's Complaint, and for any further relief the Court deems just and proper.

Dated: August 6, 2012          Respectfully Submitted,

SQUIRE SANDERS (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Telephone: 561.650.7200
Facsimile: 561.655.1509


By:   */s/ Stephanie Griffin*
         Traci H. Rollins
         Florida Bar No. 769071
         traci.rollins@squiresanders.com
         Jason Daniel Joffe
         Florida Bar No. 0013564
         jason.joffe@squiresanders.com
         Stephanie Griffin
         Florida Bar No. 85019
         stephanie.griffin@squiresanders.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of August 2012, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically transmit notice via Notices of Electronic Filing generated by CM/ECF.  The foregoing was also served on Plaintiff, Larry Rumbough, via US Mail at the following address:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828

          */s/ Stephanie Griffin*

WESTPALMBEACH/596811.1

4