UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

    **Petitioner,**

**v.**               **Case No: 6:12-cv-816-Orl-22DAB**

**HSBC CARD SERVICES, INC.,**

    **Defendant.**

_____/

**ORDER**

This cause comes before the Court on Defendant HSBC Card Services, Inc.'s ("HSBC") Motion to Dismiss Plaintiff's Complaint and Memorandum of Law (Doc. No. 5) and Plaintiff's response thereto (Doc. No. 9).

### I. BACKGROUND FACTS

On May 29, 2012, Plaintiff Larry Rumbough ("Plaintiff") filed his Verified Complaint against HSBC, alleging that on three separate dates, HSBC obtained from Experian Plaintiff's credit report. (Doc. No. 1 at ¶¶ 15-17). Plaintiff further alleges that HSBC violated the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681b(f), by obtaining the Plaintiff's consumer report "for an impressible purpose and did not certify the purpose through a general or specific certification." (Doc. No. 1 at ¶¶ 15-17, 24(a)).

Additionally, Plaintiff alleges that, in violation of 15 U.S.C. § 1681s-2, HSBC did not properly conduct and report "reinvestigations of information disputed by Plaintiff through credit reporting agencies." (*Id.* at ¶ 24(b)). For support, Plaintiff alleges that HSBC reported false information to credit reporting agencies, including Experian, Equifax, and Trans Union and

continued these actions despite Plaintiff's numerous disputes regarding his account. (*Id.* at ¶ 11). As well, Plaintiff alleges that he sent dispute letters to Experian, Equifax, and Trans Union on specific dates, detailing his disputes.[1] Plaintiff claims the inaccuracies he argued to the agencies were *inter alia*: the amount of the alleged debt, the date of the alleged delinquency, the status of the alleged delinquency, and the status of the Plaintiff's dispute. (*Id.* at ¶ 12). Finally, Plaintiff also alleges that HSBC did not provide him written notice of its furnishing of negative information. (*Id.* at ¶ 13).

## II.   LEGAL STANDARD FOR MOTION TO DISMISS

When deciding a motion to dismiss based on a failure to state a claim upon which relief can be granted, the court must accept as true the factual allegations in the complaint and draw all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam) (citation omitted).

According to *Federal Rule of Civil Procedure* 8(a)(2), to state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In other words, the allegations in the complaint need to be sufficient "to 'raise a right to relief above the speculative level' on the assumption that all the allegations in the complaint are true." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Twombly*, 127 S.Ct. at 1965). Moreover, "[t]hreadbare recitals of the elements of a cause action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

---

[1] Plaintiff did not attach the referenced letters he sent to these agencies.

Notwithstanding, a complaint pleaded *pro se* is "held to a less stringent standard than pleadings drafted by attorneys and [is] liberally construed." *Bingham*, 654 F.3d at 1175 (citation and internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

### III. LEGAL STANDARD AND ANALYSIS FOR FCRA CLAIM

A. *Plaintiff's Claim under 15 U.S.C. § 1681b(f)*

The FCRA provides procedures for consumer reports and their verification, placing "distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Chipka v. Bank of Am.*, 355 F. App'x 380, 382 (11th Cir. 2009) (per curiam).

The FCRA permits credit reporting agencies to provide consumer reports for limited purposes as set forth in 15 U.S.C. § 1681b(a). *See Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1317-1318 (11th Cir. 2009). A person shall not obtain these consumer credit reports for any purpose other than an authorized one. As well, such purpose must be certified in accordance with 15 U.S.C. § 1681e by the prospective user of the report "through a general or specific certification." 15 U.S.C. § 1681b(f). If one obtains a consumer credit report for an impermissible purpose, one may be subject to civil liability under 15 U.S.C. § 1681n if the act was one of willful noncompliance or may be subject to civil liability under 15 U.S.C. § 1681o if the act was one of negligent noncompliance.

Regarding the obtaining of a consumer credit report for an impermissible purpose, Plaintiff in a conclusory manner alleges that HSBC "willfully violated § 1618b(f) by willfully

3

using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, [sic] by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by § 1681b." (Doc. No. 1 at ¶ 24(a)).

HSBC argues that Plaintiff has failed to allege facts sufficient to show that HSBC accessed for an impermissible purpose a consumer credit report on Plaintiff. (Doc. No. 5 at pp. 2-3). Further, HSBC argues that Plaintiff is merely reciting the statutory language of the FCRA rather than plausible factual allegations. (*Id.* at p. 3).

Plaintiff does list the dates on which HSBC allegedly "obtained Plaintiff's Credit report from Experian . . . for an impermissible purpose" (Doc. No. 1 at ¶¶ 15-17); however, Plaintiff does not elaborate any further beyond these statements. Because "[t]hreadbare recitals of the elements of a cause action, supported by mere conclusory statements, do not suffice," the Court finds Plaintiff has failed to plead a plausible claim for relief for a violation of 15 U.S.C. § 1681b(f). *See Iqbal*, 129 S.Ct. at 1949.

B.  *Plaintiff's Claim under 15 U.S.C. § 1681s-2*

Additionally, the FCRA provides a private right of action against furnishers of information to credit reporting agencies. *See Simmsparris v. Countrywide Fin. Grp.*, 652 F.3d 355, 357 (3d Cir. 2011) ("The FCRA is intended 'to protect consumers from the transmission of inaccurate information about them . . . .'"). Section 1681s-2(b) of Title 15 of the United States Code creates this private right of action against a furnisher of information.

In order for a private action to lie under § 1681s-2(b), three steps must occur. First, a consumer must inform the credit reporting agency that he or she disputes the accuracy or completeness of the information a furnisher provided the credit reporting agency. Second, "before the expiration of the 5-business-day period beginning on the date" on which the

4

consumer reporting agency received the consumer's notice of dispute, the consumer reporting agency must provide notification of the dispute to the furnisher of that disputed information. 15 U.S.C. § 1681i(a)(2)(A). Third, the furnisher of information, after receiving pursuant to § 1681i(a)(2) from the credit reporting agency a notice challenging the accuracy or completeness of the information furnished: (1) must conduct an investigation regarding the disputed information; (2) must review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2); (3) must report the investigation results to the credit reporting agency; (4) if the investigation reveals that the information is inaccurate or incomplete, must report those results to all consumer reporting agencies to whom the information was furnished and to those that compile and maintain files on consumers on a nationwide basis; and (5) for purposes of reporting to a credit reporting agency only, must, as appropriate, promptly modify, delete, or permanently block the reporting of that item of information based on the investigation's results if a piece of information disputed by the consumer is discovered to be inaccurate or incomplete or cannot be verified during the investigation. 15 U.S.C. § 1681s-2(b)(1). This reinvestigation by the furnisher of information must be completed within thirty days beginning on the date the credit reporting agency receives the notice from the consumer. *Id.* § 1681s-2(b)(2) (citing 15 U.S.C. § 1681i(a)(1)).

   Therefore, for a furnisher's duty to reinvestigate the accuracy and completeness of the information furnished to arise, a consumer reporting agency must first give the furnisher notice that a consumer has contacted the credit reporting agency to challenge the accuracy and completeness of the information. *See Chipka*, 355 F. App'x at 383; *Anderson v. EMC Mortg.*

*Corp.*, 631 F.3d 905, 908 (8th Cir. 2011); *Young v. Credit Bureau of Lake Charles, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002).[2]

Regarding the claim that HSBC did not conduct or report properly reinvestigations of the information disputed by Plaintiff through the credit reporting agencies, the Court finds that the Plaintiff has failed to plead facts sufficient to state a plausible claim for relief.  Although Plaintiff does plead that on specific dates he sent dispute letters to Experian, Equifax, and Trans Union regarding the inaccuracies in his credit report that allegedly originated from HSBC, Plaintiff still fails to allege any additional facts showing that any of these credit reporting agencies notified HSBC of Plaintiff's contention that he disputed the credit information furnished by HSBC.  (Doc. No. 1 at ¶¶ 8-10).  Absent factual allegations showing that the credit reporting agencies notified HSBC, the duty of HSBC to reinvestigate the accuracy and completeness of the information it furnished did not arise  *See Chipka*, 355 F. App'x at 383; *Anderson*, 631 F.3d at 908; *Young*, 294 F.3d at 631.

---

[2] The Court notes that recently in an unpublished Eleventh Circuit opinion, an Eleventh Circuit panel stated, "To trigger the furnisher's responsibilities under § 1681s-2(b), however, the consumer must have notified the furnishers of a dispute about the inaccuracy of the credit report." *Sampson v. Wash. Mut. Bank*, 453 F. App'x 863, 867 (11th Cir. 2011) (per curiam). However, in *Chipka*, another unpublished Eleventh Circuit opinion, the court stated that to trigger the furnisher's responsibilities, the consumer must notify the credit reporting agency who then notifies the furnisher to investigate. *Chipka*, 355 F. App'x at 383.  Other circuits follow *Chipka*'s viewpoint. *See, e.g.*, *Anderson*, 631 F.3d at 908; *Young*, 294 F.3d at 639.  As well, 15 U.S.C. §1681s-2(b), which provides the right for a private cause of action, only refers to the credit reporting agency notifying the furnisher rather than the consumer directly notifying the furnisher. *But see* 15 U.S.C. § 1681s-2(a) (providing only for government enforcement, rather than for a private cause of action, but in doing so providing for regulations under which the consumer may dispute information directly with a furnisher). *See also Chipka*, 355 F. App'x at 383 (noting that Congress expressly reserved enforcement of subsection (a) to governmental agencies and officers and subsection (b) to private causes of action by consumers against furnishers of credit information). Therefore, based on the Eleventh Circuit's prior ruling in *Chipka* and the persuasive precedent of its sister circuits, the Court finds that to trigger a furnisher's duty to investigate the completeness or accuracy of information furnished, the credit reporting agency, rather than the consumer, must directly notify the furnisher of the disputed information.

Moreover, Plaintiff fails to allege facts, other than legal conclusions, that HSBC did not conduct and report reinvestigations of the disputed information even if the credit reporting agencies notified it. Therefore, because Plaintiff predominantly offers only legal conclusions and statutory language, he fails to allege facts sufficient to state a plausible claim for relief. *See Iqbal*, 129 S.Ct. at 1949.

## IV.    CONCLUSION

Therefore based on the foregoing, it is **ORDERED** as follows:

1. HSBC's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law (Doc. No. 5) is **GRANTED**.

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED without prejudice**.

3. Plaintiff is **GRANTED** leave to file an amended complaint on or before November 14, 2012. The amended complaint shall not serve as an opportunity to add new claims. Rather, this represents a chance for Plaintiff to remedy the pleading deficiencies identified herein. Failure to file an amended complaint by this date may result in dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties